MEMORANDUM **
Carmen E. Campbell appeals pro se from the district court’s order dismissing her medical malpractice action without leave to amend.’ We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed.R.Civ.P. 12(b)(1). Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir.2008). We affirm.
The district court properly dismissed Campbell’s action under Rule 12(b)(1), because there was no subject matter jurisdiction. There was no federal question jurisdiction under 28 U.S.C. § 1331, because Campbell alleged no facts that Dr. Alexander Stein acted under color of state law, required to state a claim under 42 U.S.C. § 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (holding that a § 1983 plaintiff must allege a constitutional violation committed under color of state law). Further, Campbell failed to plead diversity jurisdiction. See 28 U.S.C. § 1332.
Campbell also challenges the state court dismissal of her medical malpractice case, which was filed after the statute of limitations had expired, and a state court vexatious litigant order. Her challenge to the medical malpractice decision is barred under the Rooker-Feldman doctrine, because a losing party in state court is prohibited from seeking review of a state court decision in federal court, if the federal claim is inextricably intertwined with the state court issues, as is the case here. See Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir.2003). We do not consider Campbell’s challenge to the state vexatious litigant order because she did not raise that claim in district court. See Dodd v. Hood River County, 59 F.3d 852, 863 (9th Cir.1995).
Campbell’s remaining contentions are not persuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.